**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| J. PATRICK COLLINS, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>THE FEDERAL HOUSING FINANCE AGENCY, *et al.*,<br><br>　　　　　　　　Defendants. | Civil Action No. 4:16-cv-03113 |

## TREASURY DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants, the United States Department of the Treasury and Janet Yellen, in her official capacity as Secretary of the Treasury, submit this response to Plaintiffs' Notice of Supplemental Authority, ECF No. 91 ("Notice"). The Fifth Circuit's recent decision in *Community Financial Services Association of America v. Consumer Financial Protection Bureau* ("*CFSA*"), 2022 WL 11054082 (5th Cir. Oct. 19, 2022),[1] provides Plaintiffs no support.

*CFSA* involved a challenge to the Consumer Financial Protection Bureau's ("CFPB") 2017 Payday Lending Rule. The plaintiffs asserted a number of claims that "for the most part, . . . miss[ed] their mark." *CFSA*, 2022 WL 11054082, at *1. Most importantly, the Fifth Circuit *rejected* the argument that the Payday Lending Rule should be invalidated because it was "promulgated by a director who was unconstitutionally shielded from removal." *Id.* at *8. In doing so, the court did not

---

[1] Defendant has 45 days from the date of that order to seek rehearing, *see* FRAP 35, FRAP 40, or 90 days to petition for a writ of certiorari from the Supreme Court, *see* Supreme Court Rule 13.

ease Plaintiffs' heavy burden here, established by the Supreme Court, of showing their entitlement to relief on their removal restriction claim. *See* Treas. Defs.' Mot. to Dismiss at 7-18, ECF No. 83 ("Treas. MTD").  Indeed, the Fifth Circuit emphasized that, after *Collins*, "a party challenging agency action must show not only that the removal restriction transgresses the Constitution's separation of powers but also that the unconstitutional provision caused (or would cause) them harm." *Id.* at *9.  As Defendants have explained, it is precisely the "*connection* between the President's frustrated desire to remove the actor and the agency action complained of," *id.*, that Plaintiffs cannot show here. *See, e.g.*, Treas. MTD at 7-16.  Nor have Plaintiffs plausibly alleged any "substantiated desire by the President to remove [Melvin Watt]," *CFSA*, 2022 WL 11054082, at *9, or "a perceived inability to remove" Watt, *id.*, while former President Trump was in office. *See* Treas. MTD at 13-14.  And nothing in *CFSA* supports Plaintiffs' contention that they could make this showing by submitting *post hoc* speculation from former President Trump about hypothetical events he never actually encountered. As *CFSA* confirms, the record here "fails to demonstrate any nexus between the President's purported desire to remove" former FHFA Director Watt and Treasury's retention of its liquidation preference. *CFSA*, 2022 WL 11054082, at *10.

The *CFSA* court's holding that CFPB's "funding structure violates the Appropriations Clause," *id.* at *12, does not help Plaintiffs either.[2]  The Fifth Circuit recognized (and did not question) that financial regulator entities such as "[t]he Federal Reserve, the Federal Deposit Insurance Corporation, the Office of the Comptroller of the Currency, the National Credit Union Administration, and *the Federal Housing Finance Agency* all have complete, uncapped, budgetary autonomy." *CFSA*, 2022 WL 11054082, at *16 (emphasis added) (quoting *PHH Corp. v. CFPB*, 881 F.3d 75, 95 (D.C. Cir. 2018)).  But in the court's view, even amongst other agencies the court

---

[2] Indeed, Plaintiffs have not properly asserted their Appropriations Clause claims in these remand proceedings. *See* FHFA Defs.' Mem. in Supp. of Mot. to Dismiss at 12-13, 22, ECF No. 85.

considered "self-funded," "the [CFPB] is unique" due to what the court characterized as its "double-insulated funding structure," "capacious" economic regulatory and enforcement authority, and "express insulation from congressional budgetary review." *Id.* at *15, *17 (noting that comparing CFPB to other financial regulators "mixes apples with oranges[,] [o]r, more accurately, with a grapefruit," and concluding that CFBP is "an innovation with no foothold in history or tradition" (citation omitted)).  FHFA does not have the same funding structure as CFPB, and the Fifth Circuit expressly found that FHFA does not "wield[] enforcement or regulatory authority remotely comparable to the authority the [Bureau] may exercise throughout the economy." *Id.* at *17.  Nor would FHFA be deemed "express[ly] insulat[ed] from congressional budgetary review" under the Fifth Circuit's reasoning, *id.*; for example, unlike CFPB, FHFA's statute does not state that the agency's funding "shall not be subject to review by the Committees on Appropriations of the House of Representatives and the Senate," 12 U.S.C. § 5497(a)(2)(C).  Plaintiffs' reliance on *CFSA*, by the very terms of the decision, is thus misplaced.

Plaintiffs' argument that FHFA's funding structure is somehow "more constitutionally problematic than that of the CFPB" because it can collect an assertedly "unlimited" amount of funds from the GSEs, Notice at 3, misses the mark.  The Fifth Circuit never held that the *amount* of funding an agency receives outside the annual appropriations process is a constitutionally relevant consideration, and it distinguished the many financial regulators that draw funds in "uncapped" amounts from the entities they regulate.  *CFSA*, 2022 WL 11054082, at *16; *see, e.g.*, 12 U.S.C. § 16 (authorizing the Comptroller of the Currency to "collect an assessment, fee, or other charge from any [regulated entity] as the Comptroller determines is necessary or appropriate").

Finally, *CFSA*'s discussion of remedies does not "foreclose[]," Notice at 3, Defendants' argument that this Court should not, more than a decade after the fact, invalidate the Third Amendment (or the PSPAs).  The Fifth Circuit rejected the remedial argument that Plaintiffs forward

here—that they are entitled to "*per se* invalidation" of prior agency action based on an alleged Appropriations Clause violation. *CFSA*, 2022 WL 11054082, at *18. And nothing in its analysis alters the principle that the type of equitable relief Plaintiffs request does not follow as a matter of course from success on the merits, or that a number of equitable considerations weigh against that relief here. *See* Treas. MTD at 22-25. Foremost among them is the fact that neither the PSPAs nor the Third Amendment involve any expenditure of funds that FHFA collects from the GSEs to fund its own operations, so, even under the Fifth Circuit's analysis, there is no connection between the funding provision Plaintiffs challenge and the agency action they seek to invalidate. *Contra CFSA*, 2022 WL 11054082, at *18 (finding that the "unconstitutional funding structure . . . literally *effected* the promulgation of" the challenged CFPB rule).

Dated: November 1, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JENNIFER B. LOWERY
United States Attorney

TERRY M. HENRY
Assistant Branch Director

*/s/ R. Charlie Merritt*
R. CHARLIE MERRITT (VA Bar No. 89400)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 616-8098
robert.c.merritt@usdoj.gov

*Counsel for the Treasury Defendants*